UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIE THOMAS GOSIER,

                          Plaintiff,

    v.                                                      9:23-CV-1135
                                                                     (GTS/MJK)

WILLIAM PAOLOZZI, et al.,

                          Defendants.
_____

APPEARANCES:

WILLIE THOMAS GOSIER
Plaintiff, pro se
22-B-2574
Elmira Correctional Facility[1]
P.O. Box 500
Elmira, NY 14902

GLENN T. SUDDABY
United States District Judge

**DECISION AND ORDER**

I.    **INTRODUCTION**

Pro se plaintiff Willie Thomas Gosier ("plaintiff") commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") with a request for leave to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."), Dkt. No. 4 ("IFP Application"). In the

---

[1] On January 16, 2024, mail sent to plaintiff at Oneida County Correctional Facility was returned as "undeliverable." Dkt. No. 12. A search of the Inmate Information Database maintained by the New York State Department of Corrections and Community Supervision ("DOCCS"), using plaintiff's Department ID Number (22-B-2574) revealed that plaintiff is presently confined at Elmira Correctional Facility. *See* https://nysdoccslookup.doccs.ny.gov/ (last visited Jan. 25, 2024). Plaintiff is advised of his duty to inform the Court of any address changes and his obligation to continue to submit any address changes to the court as long as his action is pending. N.Y.N.D. L.R. 10.1(c)(2). "Failure to notify the Court of a change of address in accordance with L.R. 10.1(c)(2) may result in the dismissal of any pending action." N.Y.N.D. L.R. 41.2(b).

1

complaint, plaintiff asserted First and Fourteenth Amendment claims against defendants Senior Parole Officer William Paolozzi ("Paolozzi") and Parole Officer Anthony Stucchi ("Stucchi"). *See generally* Compl.

By Decision and Order filed October 27, 2023, (the "October Order"), the Court granted plaintiff's IFP application and reviewed the sufficiency of the complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. *See* Dkt. No. 8. On the basis of that review, the Court dismissed the complaint for failure to state a claim upon which relief could be granted. *Id.* In light of his pro se status, plaintiff was afforded an opportunity to amend his complaint. *Id.* Plaintiff's amended complaint is now before the Court for review. Dkt. No. 10 ("Am. Compl.").

## II.   REVIEW OF THE AMENDED COMPLAINT

### A. Legal Standard

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the October Order and it will not be restated in this Decision and Order. *See* Dkt. No. 8 at 4-6.

### B. Summary of Amended Complaint[2]

With the amended pleading, plaintiff adds the following new defendants: S.P.O. Nicholas Pezdek ("Pezdek"), Administrative Law Judge Regina A. Rinaldi ("Rinaldi"), and

---

[2] The amended complaint includes exhibits. *See* Dkt. No. 10-1. To the extent that the exhibits are relevant to the incidents described in the amended complaint, the Court will consider the documents attached as exhibits. *See Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir. 1991) (the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference).

Parole Revocation Specialist William Lappino ("Lappino").[3]  *See* Am. Compl. at 1.  The following facts are set forth as alleged by plaintiff in his amended complaint.

In April 2023, plaintiff was released from DOCCS custody to community supervision after serving a sentence for criminal possession of a controlled substance.[4]  Dkt. No. 10-1 at 1.  In 2023, plaintiff was residing with his grandmother in Utica, NY.  Am. Compl. at 2.

On June 6, 2023, between 8:00 a.m. and 4:30 p.m., Paolozzi, Pezdek, and Stucchi altered the "terms" of plaintiff's release and imposed a curfew.  Am. Compl. at 1.  Defendants also increased plaintiff's the frequency of reporting requirements, from once a month to once a week.  *Id*.  As a result, plaintiff was charged with violating his curfew and missing his reporting date for the birth of his nephew on June 7, 2023 and his family reunion on June 20, 2023, June 21, 2023, and June 22, 2023.  *Id*. at 1-2.

On June 11, 2023, plaintiff was subjected to an "unlawful traffic stop."  Am. Compl. at 1, 2.  Plaintiff was parked in his friend's driveway when he was arrested, searched, and his vehicle was searched.  *Id*. at 2.  Plaintiff filed a Section 1983 lawsuit related to the traffic stop against the Utica Police Department ("UPD"), Officer Janiel Rodriguez, Officer James Amuso, and Investigator Peter Paladino.  *Id*.; *Gosier v. Utica Police Dep't, et al.*, No. 6:23-CV-1119 (DNH/TWD), Dkt. No. 1 (N.D.N.Y. filed on Sept. 1, 2023) ("*Gosier I*").  *Gosier I* is pending in this District.  *See Gosier I.*

On June 26, 2023, plaintiff "turned [him]self into P.O. Stucchi."  Am. Compl. at 3.  Pezdek and Stucchi searched plaintiff's cell phone.  *Id*.

---

[3]  The Clerk of the Court is directed to add these individuals to the Docket Report.

[4]  *See* https://nysdoccslookup.doccs.ny.gov/ (last visited Jan. 25, 2024).

3

On July 7, 2023, plaintiff was charged with violating his parole. Am. Compl. at 2. Stucchi accused plaintiff of using a "mission address." *Id.* Stucchi also claimed that plaintiff changed his address without proper notification and "lost contact" with his parole officer. *Id*. at 2-3.

On July 7, 2023, plaintiff appeared in Sherill City Court for a Final Parole Revocation hearing. Am. Compl. at 3; Dkt. No. 10-1 at 9. Judge Rinaldi and Revocation Specialist Lappino relied upon unlawful evidence, denied plaintiff the right to counsel and a fair trial, and stated, "[y]ou're going to jail either way." Am. Compl. at 3. As a result, plaintiff was sentenced to an eight month term of incarceration. *Id.* In a report dated July 12, 2023, Rinaldi included "false information in the analysis section" and stated that an "absconder warrant" was enforced on June 26, 2023. Am. Compl. at 3-4; Dkt. No. 10-1 at 1. Plaintiff should have been released on October 8, 2023 but was informed by "his P.O." that he would not be released before February 2024. Am. Compl. at 4.

Construed liberally, the amended complaint contains the following: (1) Fourteenth Amendment due process claims; (2) malicious prosecution claim against Stucchi; (3) Fourth Amendment claims against Stucchi and Pezdek; (4) deliberate indifference claim related to plaintiff's incarceration beyond his maximum release date; and (5) First Amendment retaliation claims. *See generally* Am. Compl. Plaintiff seeks monetary damages and "to be relieved of all obligations to parole." *See id.* at 1, 4.

### C. Analysis

#### 1. Rule 10

Throughout the complaint, plaintiff refers to various individuals and entities who are

not identified in the caption, or list of parties, as defendants. *See* Am. Compl. at 1, 5-8. Plaintiff refers to UPD, Officer Peter Paladino, Officer T. Ciccone, Sergeant Brazzeese, Officer Jariel Rodriguez, and Chief of Police Mark Williams. *See* Am. Compl. at 6-8. Because Rule 10(a) of the Federal Rules of Civil Procedure provides that, "the title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). A party not named in the caption of the complaint is not a party to the action. *Abbas v. U.S.*, No. 10-CV-0141, 2014 WL 3858398, at *2 (W.D.N.Y. Aug. 1, 2014) (holding that the failure to name the individual defendants against whom the plaintiff intends to assert claims makes it "infeasible for the Court to determine which of the individual officers mentioned in the body of the complaint should be deemed to be defendants to which claims").

Accordingly, plaintiff's allegations and claims related to the traffic stop on June 11, 2023 against any individual or entity who is not named or identified in the complaint or caption, as John Doe or otherwise, are dismissed for failure to state a claim. *See Whitley v. Krinser*, No. 06-CV-0575, 2007 WL 2375814, at *1 (W.D.N.Y. Aug. 15, 2007); *Robles v. Armstrong*, No. 3:03-CV-1634, 2006 WL 752857, at *1 n.1 (D. Conn. Mar. 17, 2006) ("Because the John and Jane Does are not listed in the caption of the Complaint, they are not defendants and the court does not consider claims against them."). As discussed *supra*, plaintiff filed a complaint in this District related to the June 2023 traffic stop against the UPD, Rodriguez, and Paladino. *See Gosier I*, Dkt. No. 1. The complaint in *Gosier I* contained a cause of action for malicious prosecution and false arrest. *Id*. at 4. To the extent that the amended complaint includes claims related to the June 2023 traffic stop against the defendants in *Gosier I*, those claims are dismissed. *See Phelan v. Hersh*, No. 9:10-CV-0011

5

(GLS/RFT), 2011 WL 6031940, at *4 (N.D.N.Y. Sept. 13, 2011) (refusing to address claims because of the existence of another pending action), *report and recommendation adopted*, 2011 WL 6031071 (N.D.N.Y. Dec. 5, 2011).

### 2. Fourteenth Amendment - Conditions/Terms of Parole

Construing the amended complaint liberally, plaintiff argues that his due process rights were violated because the terms of his parole were altered without notice. *See* Am. Compl. at 4.

"The courts have [ ] consistently held that a parolee has no constitutionally protected interest in being free from special conditions of release." *Maldonado v. Fischer*, No 11-CV-1091, 2012 WL 4461647, at *4 (W.D.N.Y. Sept. 24, 2012) (collecting cases). "[I]t is well-established that 'the [New York] Parole Board's discretionary imposition of special conditions is not subject to judicial review in the absence of a showing that the board or its agents acted in an arbitrary and capricious manner.' " *Id*. at *3. "[W]hile Plaintiff does not have a protected liberty interest to be free from special conditions of parole, he may have a viable due process claim pursuant to § 1983 based on the substance of the conditions and/or the basis for imposing such conditions." *Singleton v. Doe*, No. 14-CV-0303, 2014 WL 3110033, at *3 (E.D.N.Y. July 7, 2014) (citation omitted). "[W]here the condition is not related to the parolee's criminal history or to the State's interests, it may be prone to tailoring or invalidation." *Robinson v. New York*, No. 09-CV-0455 (GLS/RFT), 2010 WL 11507493, at *6 (N.D.N.Y. Mar. 26, 2010) (collecting cases). The release conditions must serve "legitimate interests of the parole regime such as rehabilitat[ion] and 'protection of the public tailored in light of the conduct for which [Plaintiff] was convicted." *Trisvan v. Annucci*, 284 F.Supp.3d

6

288, 297 (E.D.N.Y. 2018) (citation and internal quotation marks omitted).

Even assuming plaintiff sufficiently plead constitutional claims related to the conditions of parole against Pezdek, Paolozzi, and Stucchi, his due process claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck,* the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486-87.

Although *Heck* held that the favorable-termination rule is triggered when a prisoner's success would "necessarily imply the invalidity of the conviction," 512 U.S. at 487 (emphasis added), the Supreme Court subsequently clarified that *Heck* applies to any challenge to the duration of "confinement" that necessarily implies the invalidity of that confinement, even if that challenge would not implicate the underlying conviction or sentence, *see Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration."  (emphasis in original)); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (finding that a prisoner's claim for money damages alleging that he was deprived of good-time credits without due process necessarily implies the invalidity of the "punishment imposed," meaning the deprivation of the credits); *Baker v. New York State Dep't of Corr. & Cmty. Supervision*, No. 9:17-CV-1270 (GTS/TWD), 2018 WL 357297, at *4 (N.D.N.Y. Jan. 10, 2018) ("While the

Complaint does not include any specific request for immediate release, in the motion for injunctive relief, Plaintiff seeks to overturn the Panel's decision and moves for immediate release[.]  To the extent that the Complaint could be construed as seeking release, Plaintiff's claims are dismissed without prejudice pursuant to *Heck*, on the ground that habeas corpus is his sole federal remedy."); *McAllister v. Alexandra*, No. 9:09-CV-0664 (GTS/DRH), 2009 WL 10675934, at *5 (N.D.N.Y. July 28, 2009) ("Any claim by Plaintiff that he is entitled to damages resulting from the denial of parole release is barred by the doctrine of *Heck v. Humphrey*[.]"); *Grant v. Ahern*, No. 03-CV-0539 (FJS/RFT), 2005 WL 1936175, at *5 n.3 (N.D.N.Y. Aug. 2, 2005) ("*Heck* has been held to apply to 'suits contesting the rejection of parole release.' " (quoting *Lampkin v. N.Y. City Dep't of Probation*, No. 00-CV-7165, 2001 WL 210362, at *2 (S.D.N.Y. Mar. 1, 2001)).

Plaintiff is presently in DOCCS' custody and was when he filed this action.  Moreover, the complaint lacks allegations which plausibly suggest that plaintiff's conviction has been reversed, expunged, declared invalid, or otherwise called into question by the issuance of a writ of habeas corpus. Thus, his Section 1983 claims are barred by *Heck* and its progeny. Accordingly, these Section 1983 claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 3. Fourteenth Amendment Claims - Parole Revocation

Judges are entitled to absolute immunity for actions relating to the exercise of their judicial functions.  *Mireless v. Waco*, 502 U.S. 9, 9-10 (1991).  "Judicial immunity has been created both by statute and by judicial decision 'for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and

without fear of the consequences.' " *Huminski v. Corsones*, 386 F.3d 116, 136-37 (2d Cir. 2004) (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (citation and internal quotation marks omitted)).  "A judge is not protected under the doctrine of judicial immunity, however, if the action in question is not judicial in nature[.]" *Id*. at 138.  "[U]nder the common law doctrine of judicial immunity, a judge is absolutely immune from a suit for monetary damages unless (1) the actions giving rise to the suit were 'not taken in the judge's judicial capacity' or (2) the suit arises from actions taken by the judge "in the complete absence of all jurisdiction."  *Gonzalez v. Sharpe*, No. 1:06-CV-1023 (FJS/RFT), 2006 WL 2591065, at *2 (N.D.N.Y. Sep. 8, 2006) (citing *Huminski v. Corsones*, 386 F.3d at 138).  "[A]cts arising out of, or related to, individual cases before the judge are considered judicial in nature."  *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir.2009); *see also Tomlins v. Vill. of Wappinger Falls Zoning Bd. of Appeals*, 812 F.Supp.2d 357, 365 (S.D.N.Y. 2011) (holding that judicial immunity is applied when a government official performs "the function of resolving disputes between parties, or of authoritatively adjudicating private rights.") (quoting *Antoine v. Byers & Anderson*, 508 U.S. 429, 435–36 (1993))).

"This immunity also extends to administrative officials performing functions closely associated with the judicial process because the role of the hearing examiner or administrative law judge . . . is functionally comparable to that of a judge." *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (citations and internal quotation marks omitted); *Moore v. Birmingham*, No. 06 CIV 12896, 2009 WL 413219, at *4 (S.D.N.Y. Feb. 13, 2009) (extending immunity "to administrative officials performing functions closely associated with the judicial process, including officials who preside over parole revocation hearings"); *Johnson v. Kelsh*,

9

664 F.Supp. 162, 165 (S.D.N.Y. 1987) (concluding that parole revocation hearings are quasi-judicial in nature).

Here, plaintiff's claims against Rinaldi arise from her conduct during the parole revocation hearing. Thus, in this case, the doctrine of judicial and quasi judicial immunity precludes plaintiff's action against and Rinaldi. Accordingly, plaintiff's claims are dismissed. *See Boddie v. New York State Div. of Parole*, No. 08-CV-911, 2009 WL 1033786, at *6 (E.D.N.Y. Apr. 17, 2009), *opinion modified on denial of reconsideration*, 2009 WL 1938981 (E.D.N.Y. July 7, 2009).

"Parole officers [ ] receive absolute immunity for their actions in initiating parole revocation proceedings and in presenting the case for revocation to hearing officers, because such acts are prosecutorial in nature." *Scotto v. Almenas*, 143 F.3d 105, 112 (2d Cir. 1998) (citations omitted). Accordingly, plaintiff's claims against Lappino are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) . *See Miller v. Garrett*, 695 F.Supp. 740, 745 (S.D.N.Y. 1988) (reasoning that because the parole officer "performed a role comparable to a prosecutor in a criminal case," he was entitled to absolute immunity).

#### 4. Malicious Prosecution

Plaintiff claims that Stucchi subjected him to malicious prosecution when he charged him with a parole violation. *See* Am. Compl. at 2.

To state a claim for malicious prosecution under either § 1983 or New York common law, a plaintiff must allege the (1) commencement of a criminal proceeding against him, (2) termination of the proceeding in plaintiff's favor, (3) lack of probable cause, and (4) institution of the proceedings by defendants with actual malice. *See Swartz v. Insogna*, 704 F.3d 105

10

(2d Cir. 2013). Here, plaintiff was reincarcerated due to his parole violations and therefore, has not obtained a favorable termination. *See Robinson v. Wright*, No. 5:21-CV-1098 (TJM/ML), 2022 WL 2663369, at *4 (N.D.N.Y. July 11, 2022), *report and recommendation adopted*, 2022 WL 4356214 (N.D.N.Y. Sept. 19, 2022).

Accordingly, plaintiff's malicious prosecution claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

### 5. Right to Privacy and Fourth Amendment

Plaintiff claims that Stucchi and Pezdek violated his right to privacy and subjected him to an unreasonable search when the searched his cell phone without consent or a warrant. *See* Am. Compl. at 3. In this instance, *Heck* bars these claims because plaintiff seeks "damages for the injury of conviction or imprisonment[.]" *See Paulson v. Kelly*, No. CV 20-2653, 2020 WL 3402421, at *3 (E.D. Pa. June 19, 2020) ("When a plaintiff challenges the legality of the underlying search and seizure of his cell phone, and that search and seizure provided evidence to support the conviction, any claims based on the illegal search and seizure of the cell phone are barred by *Heck*.") (citations omitted).

Accordingly, plaintiff's claims based on the illegal search and/or seizure of his cell phone are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

### 6. Claims Related to Maximum Release Date

Plaintiff claims he is being held beyond his maximum release date, December 27, 2023. *See* Am. Compl. at 4.

Plaintiff is in DOCCS' custody and seeks "to be relieved of all obligations to parole." Am. Compl. at 1. Insofar as Plaintiff seeks his immediate release from prison, this claim is

not cognizable in this Section 1983 action. In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the Supreme Court held that habeas corpus was the appropriate remedy for prisoners challenging the fact or duration of their confinement. *See id.* at 490; *see also Channer v. Mitchell*, 43 F.3d 786, 787 (2d Cir.1994) (noting that "habeas corpus—not a § 1983 action—provides the sole federal remedy where a state prisoner challenges the fact or duration of his imprisonment ....") (citing *Preiser*, 411 U.S. at 488–90).

Therefore, to the extent plaintiff seeks his immediate release from incarceration, that claim is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted under Section 1983.

"The detention of a prisoner beyond the maximum expiration date of his sentence may in some circumstances constitute cruel and unusual punishment in violation of the Eighth Amendment." *Washington v. NYS Parole*, No. 19-CV-0601, 2019 WL 1877343, at *2 (S.D.N.Y. Apr. 26, 2019) (citations omitted). Moreover, an inmate has a liberty interest in being released upon the expiration of his maximum term of imprisonment. *Calhoun v. New York State Div. of Parole Officers*, 999 F.2d 647, 653 (2d Cir. 1993). However, in this case, plaintiff's Eighth Amendment and Fourteenth Amendment due process claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *See Hatcher v. Doe #1,* No. 17-CV-0777, 2018 WL 1635022, at *3 (N.D.N.Y. Apr. 4, 2018) (dismissing the plaintiff's due process claims challenging the proper calculation and administration of his post-release supervision after concluding that they were barred by *Heck); Bonano v. Staniszewski,* No. 12-CV-5879, 2016 WL 11263168, at *6 (E.D.N.Y. Sept. 2, 2016) ("[P]laintiff claims that defendants miscalculated the maximum expiration date (or length) of his 2004 sentence and seeks to

shorten the duration of his sentence on his valid conviction. This claim is barred by *Heck.")*, *report and recommendation adopted* 2017 WL 4220402 (E.D.N.Y. Sept. 22, 2017); *see also Lindsey v. Lutz*, No. 10 CIV. 3931, 2011 WL 2791329, at *3 (S.D.N.Y. June 16, 2011) (citing *Heck*, 512 U.S. at 487) (applying *Heck* to substantive due process claims), *report and recommendation adopted*, 2011 WL 3628846 (S.D.N.Y. Aug. 17, 2011); *see also D'Angelo v. Annucci*, No. 16-CV-6459, 2017 WL 6514692, at *7 (S.D.N.Y. Dec. 19, 2017) (finding the Eighth Amendment claims barred by *Heck* because "the entirety of Plaintiff's Eighth Amendment claim rests on the very fact of his confinement past his conditional release date" without challenges to the conditions of his confinement).  The fact that plaintiff is seeking injunctive relief, in addition to monetary relief, does not require a different finding.  *See Loyd v. Cuomo*, No. 8:14-CV-0829 (GLS/CFH), 2015 WL 3637409, at *2 (N.D.N.Y. June 10, 2015) ("[T]he Supreme Court has explained that the *Heck* rule applies 'no matter the relief sought (damages or equitable relief).' ") (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) and citing *Caswell v. Green*, 424 Fed. App'x 44, 45 (2d Cir. 2011)).

### 7. Retaliation

Plaintiff claims that "his P.O." is holding plaintiff beyond his maximum release date in retaliation for *Gosier I*.  *See* Am. Compl. at 4.   Even assuming this claim was not barred by *Heck*, it is nonetheless subject to dismissal.

To state a claim of retaliation under the First Amendment, a plaintiff must allege facts plausibly suggesting the following: (1) the speech or conduct at issue was "protected;" (2) the defendants took "adverse action" against the plaintiff - namely, action that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional

13

rights; and (3) there was a causal connection between the protected speech and the adverse action - in other words, that the protected conduct was a "substantial or motivating factor" in the defendant's decision to take action against the plaintiff. *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *see also Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004). The Second Circuit has stated that courts must approach prisoner retaliation claims "with skepticism and particular care," since "virtually any adverse action taken against a prisoner by a prison official - even those otherwise not rising to the level of a constitutional violation - can be characterized as a constitutionally proscribed retaliatory act." *Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir. 2001), *overruled on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983)). "[A] complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleadings alone." *Flaherty*, 713 F.2d at 13.

As to the first element of a retaliation claim, plaintiff has sufficiently plead that he engaged in protected speech when he filed *Gosier I*. Even assuming plaintiff suffered an adverse action, the complaint lacks facts suggesting a causal connection between adverse action and *Gosier I*. Initially, the Court notes that plaintiff has not identified "his P.O." by name. Therefore, as discussed in Part II(C)(1) *supra*, the Court will not entertain claims asserted against individuals not named as defendants herein.

Even assuming plaintiff's P.O. is a named defendant, the retaliation claims do not survive. "As a general matter, it is difficult to establish one defendant's retaliation for complaints against another defendant." *Hare v. Hayden*, No. 09-CV-3135, 2011 WL 1453789 at *4 (S.D.N.Y. Apr. 14, 2011). Here, plaintiff has not plead facts related to how

"his P.O." became aware *Gosier I* or any connection between "his P.O." and the lawsuit. *See id.,* at *4-5 (S.D.N.Y. Apr. 14, 2011) (holding that the plaintiff "fail[ed] to establish that [the defendant] had a motive to retaliate" against him for complaints filed against another corrections officer). Thus, there is no basis for the Court to infer a causal connection between the alleged adverse action and protected conduct. Accordingly, plaintiff has not plead a viable retaliation claim. *See Guillory v. Haywood*, No. 13-CV-1564 (MAD/TWD), 2015 WL 268933, at *23 (N.D.N.Y. Jan. 21, 2015) (concluding that the plaintiff failed to allege facts identifying the grievances and lawsuits from which the defendant's awareness could be inferred).

Accordingly, the First Amendment retaliation claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted pursuant to Section 1983.

## III.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the amended complaint (Dkt. No. 10) is accepted for filing and is deemed the operative pleading; and it is further

**ORDERED** that the Clerk of the Court is directed to add S.P.O. Nicholas Pezdek ("Pezdek"), Administrative Law Judge Regina A. Rinaldi ("Rinaldi"), and Parole Revocation Specialist William Lappino ("Lappino") to the docket report as defendants herein; and it is further

**ORDERED** that the amended complaint is **DISMISSED** in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1); and it is further

**ORDERED** that the Clerk shall enter judgment accordingly; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on plaintiff.

Dated: January 30, 2024
      Syracuse, New York

Glenn T. Suddaby
U.S. District Judge